UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 3:18-CR-200 |
| v. | ) |
| | ) JUDGES PHILLIPS/POPLIN |
| CURTIS DUANE ELLIOTT | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Curtis Duane Elliott, and the defendant's attorney, David Eldridge, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

    (a) Accessing a Protected Computer in Furtherance of Fraud in violation of 18 U.S.C. §§ 1030(a)(4) and (c)(3)(A) and 2.

    The punishment for this offense is as follows. A term of imprisonment for up to 5 years, a term of supervised release for up to 3 years, a fine of up to $250,000, a mandatory special assessment of $100, and forfeiture and restitution, as appropriate.

2. There are no remaining counts in the indictment. The United States agrees not to further prosecute the defendant in the Eastern District of Tennessee for any other non-tax criminal offenses committed by the defendant that are related to the charges contained in the indictment in this case and that are known to the United States Attorney's Office for the Eastern District of Tennessee at the time this plea agreement is signed by both parties.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. Specifically, the elements of the offense are as follows:

    (a) The defendant accessed a protected computer;

    (b) The defendant did so without authorization or by exceeding authorized access;

    (c) The defendant acted knowingly and with intent to defraud; and

    (d) The defendant's access furthered the intended fraud and obtained anything of value.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    (a) In November 2015, the defendant, aided and abetted by at least one other person, used his personal computer equipment and software that he purchased and downloaded over the internet to gain unauthorized access to the computers of Pilot Travel Centers, LLC doing business as Pilot Flying J (hereafter "Pilot") located in Knoxville, Tennessee. The defendant was located in Desert Hot Springs, California when he accessed Pilot's computers. The defendant targeted Pilot's database of gift card numbers and balances that was accessible over the internet via a company-hosted website (the "website"). The website and the database were intended to be used by legitimate gift card holders to check their balances. The software used by the defendant allowed the defendant surreptitiously to query the website for thousands of gift card numbers nearly simultaneously, which revealed the cash balances assigned to each gift card. Pilot had previously

2

Case 3:18-cr-00200-TWP-DCP   Document 20   Filed 04/09/19   Page 2 of 10   PageID #: 60

sold these gift cards to bona fide purchases for value in their retail stores. The defendant accessed the website's database for the purpose of identifying gift card numbers with corresponding cash value so that he could use a magnetic coding device to program this information onto blank gift cards taken from Pilot stores.

(b) At the time the defendant accessed the website, the website's terms and conditions required the user to explicitly agree not to use the site for any purpose that is unlawful or prohibited by the agreement. Further, they required the user to agree not to attempt to gain access to Pilot's computer systems or connected networks through fraud, hacking, password mining, or any other means, or to attempt to reverse engineer any portion of the site. The defendant violated these conditions by using a software program surreptitiously to generate and query thousands of gift cards that do not belong to him. The defendant's purpose was to convert deceitfully this information into usable gift cards that he presented at Pilot retail locations. Because he violated the website's terms of use, the defendant had no permission or authority to access the Pilot website and Pilot's hosting computers.

(c) The computer commands sent by the defendant to Pilot's computers directed Pilot's computers to query the database that contained the information sought by the defendant. The purpose of gaining this information was to defraud Pilot and bona fide Pilot gift card holders. The defendant's scheme to defraud included obtaining gift card numbers and balances from Pilot's computers via Pilot's website, using that information to create fraudulent gift cards using a magnetic coding device, and then presenting these fraudulent cards for purchases at Pilot retail locations. Accessing Pilot's computers via the Pilot website furthered this fraud scheme by revealing the cash balances loaded onto specific gift card numbers that the defendant used.

(d) Following the defendant's conduct, and in response to complaints from Pilot gift card holders, Pilot restored $42,879.58 in balances to gift cards that Pilot identified as fraudulently used in November and December 2015 and corresponding to the defendant's unauthorized access.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

(a) the right to plead not guilty;

(b) the right to a speedy and public trial by jury;

(c) the right to assistance of counsel at trial;

(d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

(e) the right to confront and cross-examine witnesses against the defendant;

(f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

(g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(B), the defendant and the United States agree that U.S. Sentencing Guidelines, Section 2B1.1(a)(2) and (b)(1)(D) apply to this case based on a loss amount of more than $40,000 and less than $95,000. This results in an offense level of 12, before acceptance of responsibility. The parties agree to recommend that no other sentencing enhancements apply in this case. Further, the United States agrees to recommend that a particular sentence is appropriate. Specifically, the United States agrees to recommend a sentence at the bottom of the applicable guidelines range in this case as determined by the Court following receipt

4

of the Presentence Investigation Report. The parties acknowledge that these recommendations do not bind the court. In the event the Court declines to accept this agreement, the parties will not be free to withdraw from the plea agreement, nor will the defendant be free to rescind his guilty plea.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense, including violations of conditions of release or the commission of any additional offense prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit and to facilitate the commission of a violation of 18 U.S.C. § 1030(a)(4), and/or any and all assets and property, or portions thereof, subject to forfeiture as proceeds of the defendant's criminal activities which are in

the possession or control of the defendant or the defendant's nominees. The defendant agrees to forfeit the defendant's interest in the following properties:

    (a)    Toshiba Satelitte Laptop (Silver), Serial No. YF126369C

    (b)    HP Laptop (Red), Serial No. CND4422HKS;

    (c)    Western Digital External Hard Drive (Blue), Serial No. WXN109LH7468;

    (d)    Four Thumb Drives (Assorted Colors), seized on January 4, 2016; and

    (e)    Magnetic Coding Device, seized on January 4, 2016.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

    10.    The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim(s) of any offense charged in this case (including dismissed counts); and (2) the victim(s) of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offense(s). The defendant agrees, pursuant to 18 U.S.C. § 3663(a)(3), that the order of restitution will be in the amount of $42,879.58 to Pilot Travel Centers, LLC.

11. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

12. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offenses committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

(a) The defendant will not file a direct appeal of the defendant's conviction or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

(b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

(c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

8

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

J. DOUGLAS OVERBEY
UNITED STATES ATTORNEY

April 9, 2019
Date

By: *Bart Slabbekorn*
Bart Slabbekorn
Assistant United States Attorney

4.8-19
Date

Curtis Duane Elliott
Defendant

4/8/19
Date

David Eldridge
Attorney for the Defendant

10